**FILED**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

November 03, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM
DEPUTY

JOHNKENNEDY EKENE IBE,
A# 241 134 823,

                 **Petitioner,**

v.

PAMELA BONDI, Attorney General of US,
and WARDEN, South Texas ICE
Processing Center,

                 **Respondents.**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**SA-25-CV-00946-OLG**

## ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Johnkennedy Ekene Ibe's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and "Respondents' Advisory to the Court Regarding Petitioner's Release." (Dkt. Nos. 1, 10). After review, the Court orders Ibe's § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT.** (*Id.*). It is further ordered that to the extent Ibe has alleged civil rights claims pursuant to 42 U.S.C. § 1983, such claims are **DISMISSED WITHOUT PREJUDICE.** (*Id.*).

### BACKGROUND

Ibe is a native and citizen of Nigeria. (Dkt. No. 1). An Immigration Judge ("IJ") denied Ibe's application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.*). The Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision, dismissing Ibe's appeal. (*Id.*). Ibe filed a § 2241 Petition seeking release from detention. (*Id.*). He also seemingly raises a civil rights claim pursuant to 42 U.S.C. § 1983, complaining of conditions of confinement relating to food, healthcare, and hygiene. (*Id.*). In response to Ibe's Petition, Respondents filed an "Advisory to the Court Regarding Petitioner's

Release." (Dkt. No. 10). Therein, Respondents advise and provide proof that Ibe was removed from the United States on September 10, 2025. (Dkt. No. 10, Exh. A).

ANALYSIS

### A. Claims Pursuant to § 2241

Ibe contests the legality of his continued detention, seeking release from confinement. (Dkt. No. 1). As noted above, an IJ denied Ibe's application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.*). The IJ's decision was affirmed by the BIA and Ibe's appeal was dismissed. (*Id.*). Ibe was subsequently removed from the United States. (Dkt. No. 10, Exh. A).

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit, i.e., standing. *TransUnion LLC*, 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023).

2

In his Petition, regarding habeas relief, Ibe requests release from detention. (Dkt. No. 1). Ibe is no longer detained by immigration authorities and has been removed from the United States. (Dkt. No. 10, Exh. A). Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly, Ibe's claim for relief is moot and his Petition is subject to dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

### B. *Claims Pursuant to § 1983*

The Court finds that in addition to his § 2241 claims, Ibe appears to raise civil rights claims. (Dkt. No. 1). He seems to seek monetary damages for these claims. (*Id.*). Section 1983 claims are improper in an immigration § 2241 action; rather, such claims should be brought pursuant in an action pursuant to 42 U.S.C. § 1983. *See Orellana Lluvicura v. Gillis*, 473 F. Supp.3d 686, 687 (S.D. Miss. 2020) (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) (holding that habeas is not available to review questions unrelated to cause of detention; sole function of habeas is to grant relief from unlawful confinement and cannot be used for any other purpose)). Thus, to the extent Ibe raises claims pursuant to § 1983, such claims are subject to dismissal without prejudice to their assertion in a separate § 1983 action.

### CONCLUSION

Because Ibe has been removed, the Court finds his § 2241 Petition, to the extent Ibe seeks release from detention, is subject to dismissal without prejudice as moot. Additionally, to the

3

extent Ibe has raised claims pursuant to § 1983, such claims are improper and subject to dismissal without prejudice subject to refiling in a separate § 1983 action.

**IT IS THEREFORE ORDERED** that Petitioner Johnkennedy Ekene Ibe's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER ORDERED** that to the extent Petitioner Johnkennedy Ekene Ibe has asserted claims pursuant to 42 U.S.C. § 1983 (Dkt. No. 1), such claims are **DISMISSED WITHOUT PREJUDICE** subject to refiling in a separate 42 U.S.C. § 1983 action.

It is **SO ORDERED**.

SIGNED this ___ day of November, 2025.

_____
ORLANDO L. GARCIA
United States District Judge